## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
**(Boston)**

| | |
|---|---|
| In re: | Chapter 7 |
| AMERITRANS CAPITAL CORP., | Case No. 16-13842 (MSH) |
| Debtor. | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY, IF APPLICABLE, TO ALLOW PAYMENT OF CERTAIN DEFENSE EXPENSES

1.      Peter Boockvar, John Laird, and Ivan Wolpert (collectively, the "Movants"), by and through undersigned counsel, hereby enter a limited appearance solely for the purpose of moving this Court, pursuant to sections 105(a) and 362 of title 11 of the U.S. Code ("Bankruptcy Code") and Rules 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure, for the entry of an order substantially in the form attached hereto as Exhibit A, for relief from the automatic stay, to the extent applicable, to permit XL Specialty Insurance Company ("XL") to advance certain legal fees and expenses to the former directors and officers of the debtor, Ameritrans Capital Corporation ("Ameritrans" or "Debtor") under a directors and officers liability insurance policy XL issued to Ameritrans.

2.      The Movants also move this Court to approve the stipulation attached hereto as Exhibit B, which provides that consideration of this Motion ("Motion") is not judicially stayed by the notice of receivership filed by the U.S. Small Business Administration ("SBA" or "Receiver") in this Court on October 21, 2016.

1

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      Elk Associates Funding Corporation ("Elk"), a non-debtor, is a wholly owned subsidiary of Ameritrans.  The SBA was appointed receiver of Elk pursuant to an order entered April 24, 2013 by the U.S. District Court for the Eastern District of New York (the "Receivership Order").  Certain directors and officers, including the Movants, formerly served on the boards of both Elk and Ameritrans (collectively, the "Insureds").

5.      In January of 2016, the SBA sent the Insureds demand letters asserting that, through the Insureds, Elk advanced various funds to Ameritrans in violation of federal regulations regarding conflict of interest and disposition of assets, and that repayment of those amounts remained due to Elk ("SBA Demand").

6.      The Insureds provided notice to XL of the SBA Demand and requested payment of defense costs they incur in connection with the demand.  XL agreed to reimburse the Insureds' Defense Expenses (as that term is defined in the Policy) subject to a full reservation of rights under the Policy and applicable law, and subject to an agreement by the Insureds to repay those expenses in the event it is determined the Insureds were not entitled to coverage for the SBA Demand under the Policy.  XL began making such payments until the present bankruptcy action commenced, at which time XL informed the Insureds that, although it believes the automatic stay is not applicable to such payments, out of an abundance of caution, XL would need to obtain approval from this Court to continue making payments under the Policy.  In order to grant the present Motion, this Court is not required to determine whether or not the proceeds of the Policy are property of the Debtor's estate; rather, the Court is simply asked to grant XL relief from the automatic stay for the

2

purposes of paying the Insureds' Defense Expenses in connection with the SBA Demand.  Any

payments made would be subject to a full reservation of all of XL's rights under the Policy and

applicable law, and the agreement by the Insureds to repay those payments in the event it is

determined there is no coverage.

7.      XL issued Management Liability and Company Reimbursement Insurance Policy

No. ELU 123910-11 to Ameritrans for the policy period November 18, 2011 to April 24, 2013,

extended by endorsement to April 24, 2019 (the "Policy," attached hereto as Exhibit C).  Subject to

all of its terms, conditions, and exclusions, the Policy provides a $5 million maximum aggregate

limit of liability, inclusive of Defense Expenses.  *See* Exhibit C, Policy, Declarations, Item 3; Limit

of Liability, Indemnification and Retentions, § IV.(B); Endorsement No. 5.  "Defense Expenses"

means, *inter alia*, reasonable legal fees and expenses incurred in the defense of any Claim.  *Id.*,

Definitions, § II.(F).

8.      The Policy is a "claims made" policy that, subject to its terms and conditions,

provides coverage to past, present, and future directors and officers of Elk and Ameritrans.  Under

Coverage A of the Policy, and subject to all of the Policy's terms and conditions, the Policy

provides coverage for, *inter alia*, advancement of Defense Expenses unless the Insureds have

received indemnification from Elk or Ameritrans.  *See id.*, Insuring Agreements, § I.(A).

9.      If, instead of filing a direct claim under Coverage A, an Insured requests and

receives indemnification from Elk or Ameritrans pursuant to a contract, bylaws, or articles of

incorporation/formation, then Coverage B, subject to all of the Policy's terms and conditions,

provides for payment by XL to Elk or Ameritrans as reimbursement for such indemnification

payments.  *See id.*, § I.(B).  Here, none of the Insureds have received indemnification from Elk or

Ameritrans.

10.     The Policy also contains a "Priority of Payments" provision, which provides that, in the event XL's payment of any Loss exceeds the Policy's limit of liability, XL shall, in the following order: first, pay that Loss for which coverage is provided under Coverage A (*i.e.*, advancement of Defense Expenses to the Insureds); second, pay that Loss under Coverage B to Elk or Ameritrans incurred in indemnifying Insured Persons; and third, pay any Loss incurred by Ameritrans or Elk for Securities Claims under Coverage C.[1]  *Id.*, Endorsement No. 13.

11.     On October 21, 2016, the SBA filed a Notice of Receivership in this Court purporting to judicially stay this proceeding by virtue of the Receivership Order.

12.     However, the SBA has agreed and stipulated that, upon approval by this Court, the Receivership Order's judicial stay, in its current form, does not preclude this Court from considering this Motion to permit XL to make payments under the Policy to the Insureds.  *See* Exhibit B, Stipulation.

WHEREFORE, and for the additional reasons set forth in the accompanying Memorandum of Law, the Movants respectfully request that this Court enter an Order authorizing XL to advance payments under the Policy for Defense Expenses incurred by the Insureds in connection with the SBA Demand.  Such payment would be made subject to a full reservation of XL's rights under the Policy and applicable law to deny or limit coverage.

---

[1] No Insured has sought coverage for any Securities Claims under Coverage C.  In any event, because coverage for such claims is given subordinate priority to Coverage A and Coverage B claims, Ameritrans has no interest in the proceeds potentially available under Coverage C that would be adversely affected if the Court grants this Motion.

Dated:  December 6, 2016                    Respectfully submitted,


                                           */s/ Martin L. Seidel*
                                           Martin L. Seidel
                                           WILLKIE FARR & GALLAGHER LLP
                                           787 Seventh Avenue
                                           New York, NY 10019-6099
                                           (212) 728-8000
                                           mseidel@willkie.com
                                           PHV2393635NY

                                           *Attorney for Peter Boockvar, John Laird, and Ivan
                                           Wolpert*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Boston)**

| | |
|---|---|
| In re: | Chapter 7 |
| AMERITRANS CAPITAL CORP., | Case No. 16-13842 (MSH) |
| Debtor. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY, IF APPLICABLE, TO ALLOW PAYMENT OF CERTAIN DEFENSE EXPENSES**

Peter Boockvar, John Laird, and Ivan Wolpert (collectively, the "Movants") respectfully submit this Memorandum in Support of their Motion for Relief from the Automatic Stay, if Applicable, to Allow Payment of Certain Defense Expenses.

**FACTS**

The factual support for this memorandum is set forth in the attached Motion and is incorporated as if fully set forth herein.

**BASES FOR RELIEF REQUESTED**

The Court should grant the Motion because (1) the automatic stay does not apply to payments under Coverage A of the Policy, and (2) even if the automatic stay were applicable, cause exists for lifting the stay. Although the Movants do not believe the proceeds of the Policy to the Insureds are property of the Debtor's estate, they have brought this Motion out of an abundance of caution to avoid XL violating the stay by paying the Insureds' Defense Expenses under the Policy, and seek entry of an order granting relief from the stay, to the extent applicable,

1

for the purposes of permitting XL to pay reasonable and necessary Defense Expenses incurred

and to be incurred by the Insureds in connection with the SBA Demand.

A.    **The Automatic Stay Does Not Apply To Payment Of the Insureds' Defense
      Expenses Because The Policy Proceeds Are Not Part Of The Estate**

Section 362(a)(3) of the Bankruptcy Code provides for an automatic stay of any action

seeking to obtain possession of or exercise control over property of the bankruptcy estate.

Courts commonly distinguish between ownership of a policy and ownership of the proceeds of a

policy when evaluating whether the automatic stay applies to a request for payment.   When a

policy provides for payment on behalf of the directors and officers only, courts routinely hold

that the proceeds of the policy are not property of the estate and the automatic stay does not

apply.   See, e.g., In re Louisiana World Exposition, Inc., 832 F.2d 1391, 1401 (5th Cir. 1987)

(determining that the "*liability proceeds,* which belong only to the directors and officers, are not

part of the estate"); In re World Health Alternatives, Inc., 369 B.R. 805, 811 (Bankr. Del. 2007)

("[T]he proceeds of the Debtor's [D&O] insurance policy are not property of the estate."); In re

Adelphia Communications Corp., 298 B.R. 49, 53-54 (S.D.N.Y.2003) ("Without legal and

equitable interest in the proceeds, [the debtor's] estate cannot ascribe to hold a property interest

in these [D&O] proceeds.").   Where, however, a directors and officers insurance policy provides

direct coverage to directors and officers and secondary indemnification coverage to the

company, this Court has held that the determination of "[w]hether the proceeds of a D&O

liability insurance policy is property of the estate must be analyzed in light of the facts of each

case." In re CyberMedica, Inc., 280 B.R. 12, 16 (Bankr. D. Mass. 2002).[2]

---

[2] See also Riley v. Wolverine, Proctor & Schwartz, LLC (In re Wolverine, Proctor &
Schwartz), 404 B.R. 1, 5-6 (D. Mass. April 17, 2009) ("[E]ven if the proceeds were to be
considered in some sense estate property, the defendants only sought payment of defense costs
occasioned by the Trustee's initiation of an action against them.   The request to modify the stay
(Continued . . .)

2

The facts of this case illustrate that the proceeds of the Policy are not, and should not be considered, Ameritrans' estate property. The Policy provides direct coverage to directors and officers and secondary coverage to Elk and Ameritrans, but only if Elk or Ameritrans have indemnified the directors and officers. Neither Elk nor Ameritrans have provided indemnification to the Insureds, and it is doubtful that Ameritrans would have the funds available to indemnify the Insureds for their Defense Expenses in any event. It is clear the directors and officers are the primary beneficiaries of the Policy. Finding the proceeds of the Policy to be outside of the Debtor's estate best serves the intent of the parties in structuring the Policy for the benefit of the Insureds. In re Wiesner, 267 B.R. 32, 37 (Bankr. D. Mass. 2001) ("A bankruptcy estate can have no greater claim to the proceeds of property of the estate than the debtor would have had outside of bankruptcy"); see also In re Downey Fin. Corp., 428 B.R. 595, 608 (Bankr. D. Del. 2010) (stating that, if the court were to conclude that director and officer policy proceeds were property of the estate in the face of a priority of payments provision in a policy, the court would be granting the estate greater rights in the policy proceeds than the estate had prepetition).

Moreover, due to the Policy's unambiguous "Priority of Payments" provision, the automatic stay does not apply because the Debtor's estate will not be adversely affected by allowing XL to make payments in accordance with the Policy. CyberMedica, 280 B.R. at 17 ("There is a fundamental test that has been used in determining whether or not property belongs to the estate and that test is whether the debtor's estate is worth more with them then without them.") (internal quotation omitted). The "Priority of Payments" provision makes clear that, if

---

(. . . continued)
to permit the insurer to advance defense costs was a response to the Trustee's complaint. Had there been no suit, there would have been no request for defense costs under the policy. This responsive or defensive "claim" was more akin to a recoupment claim or defense than to an affirmative claim for a piece of the estate pie.").

there is coverage, Policy proceeds will be used first to pay the Insureds' Defense Expenses under

Coverage A, and then, only with respect to amounts remaining under the Policy, would the estate

be entitled to receive any proceeds (assuming coverage for claims was available) pursuant to

Coverage B or Coverage C.   Thus, the estate only has "a contingent, residual interest in the

Policy's proceeds; and, payment of the proceeds in accordance with the 'Priority of Payments

Endorsement' does not diminish the protection the Policy affords the estate, as such protection is

only available after the Costs of Defense are paid."   In re Laminate Kingdom LLC, No. 07-

10279-BKC-AJC, 2008 WL 1766637, at *7-8 (Bankr. S.D. Fla. Mar. 13, 2008).   Accordingly,

the proceeds of the Policy are not property of the Debtor's estate and allowing the depletion of

proceeds of the Policy through advancement of the Insureds' Defense Expenses does not fall

within the protections of the automatic stay.

For these reasons, the proceeds of the Policy are not property of the estate and the Court

should authorize XL to make payments for the Insureds.

**B.     Even If The Proceeds Of The Policy Were Property Of The Estate, Cause Exists To Lift The Automatic Stay**

Even if the Court determines that the proceeds of the Policy are property of the

Ameritrans estate, the Court can find that "cause" exists under 11 U.S.C. § 362(d) for relief from

the stay for the purpose of permitting XL to advance reasonable and necessary Defense Expenses

incurred by the Insureds in connection with the SBA Demand.   Section 362(d) provides that,

upon the request of a party in interest, the Court may grant relief from the automatic stay by

terminating, annulling, modifying, or conditioning such stay "for cause."   11 U.S.C. § 362(d).

The determination of "cause" for purposes of this section is determined on a case-by-case basis

and is left to the sound discretion of the bankruptcy judge.   See Pursifull v. Eakin, 814 F.2d

1501, 1504, 1506 (10th Cir. 1987).   See also In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997) (court

must determine "what constitutes cause based on the totality of the circumstances in each particular case").

Bankruptcy courts commonly issue orders allowing directors and officers to access their insurance to obtain advancement of defense costs. See In re CyberMedica, Inc., 280 B.R. at 18 (granting relief from the automatic stay to advance defense costs to directors and officers); In re Allied Digital Techs. Corp., 306 B.R. 505, 509-14 (Bankr. D. Del. 2004); In re Laminate Kingdom LLC, 2008 WL 1766637, at *7-8; In re Boston Reg'l Med. Crt., Inc., 286 B.R. 87, 96 (Bankr. D. Mass. 2002) (noting that permitting the insureds to access their insurance despite the automatic stay would help them effectively defend themselves in an action against them, and stating, "if the costs of defense are not disbursed in time to provide the defense, a significant part of their value and of their function will have been lost."). Such orders are the result of courts' recognition that a "D&O policy remains a safeguard of officer and director interests and not a vehicle for corporate protection." In re First Cent. Fin. Corp., 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999).

Indeed, courts have cautioned that "bankruptcy courts should be wary of impairing the contractual rights of directors and officers even in cases where the policies provide entity coverage." In re Adelphia Communications Corp., 285 B.R. at 598; Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). Because an insurance policy often provides the only avenue for an officer or director to pay for his or her legal defense, if the Insureds are denied advancement under an insurance policy, they would "suffer substantial and irreparable harm." Allied Digital, 306 B.R.

5

at 513; In re CyberMedica, Inc., 280 B.R. at 18 ("This Court further finds that there is cause to lift the automatic stay because [the former D&Os] may suffer substantial and irreparable harm if prevented from exercising their rights to defense payments."); In re MF Glob. Holdings Ltd., 469 B.R. 177, 194 (Bankr. S.D.N.Y. 2012) ("[I]f the Individual Insureds are not provided access to the MFGA Policies, the Individual Insureds would be deprived of the benefits of payment of defense costs that the insurance was intended to provide. Some Individual Insureds may also be deprived of fair and efficient settlement opportunities and suffer increased out-of-pocket costs.").

On balance, the Insureds' interests in obtaining advancement of Defense Costs under the Policy outweigh the Debtor's hypothetical and subordinate interests. Indeed, Ameritrans' interests in the Policy proceeds in connection with the SBA Demand are hypothetical and subordinate because the Priority of Payments provision unambiguously provides that Ameritrans has only a "contingent, residual interest" in the proceeds, which is secondary and subordinate to the rights of the Insureds. In re Laminate Kingdom, LLC, 2008 WL 1766637, at *3.

For these reasons, even if the proceeds of the Policy were property of the Debtor's estate, the Court should grant relief from the automatic stay because "cause" exists for relief under section 362(d)(1) of the Bankruptcy Code.

## NOTICE

Notice of this Motion has been or will be provided to (a) the United States Trustee, (b) counsel to the Chapter 7 Trustee, (c) counsel to the Receiver, and (d) each entity that has filed a notice of appearance in the above-captioned case. In light of the nature of the relief requested, the Movants submit that no other or further notice need be provided.

WHEREFORE, for the foregoing reasons, the Movants respectfully request that this Court enter an Order authorizing XL to advance payments under the Policy for Defense

6

Expenses incurred by the Insureds in connection with the SBA Demand.  Such payment would

be subject to a full reservation of XL's rights under the Policy and applicable law to deny or limit

coverage.


Dated: December 6, 2016                    Respectfully submitted,



_/s/ Martin L. Seidel_
Martin L. Seidel
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000
mseidel@willkie.com
PHV2393635NY

*Attorney for Peter Boockvar, John Laird, and Ivan
Wolpert*

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Boston)**

| | |
|---|---|
| In re: | Chapter 7 |
| AMERITRANS CAPITAL CORP., | Case No. 16-13842 (MSH) |
| Debtor. | |

**ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY, IF**
**APPLICABLE, TO ALLOW PAYMENT OF CERTAIN DEFENSE EXPENSES**

Upon the motion ("Motion") of Peter Boockvar, John Laird, and Ivan Wolpert (collectively, the "Movants") for entry of an order authorizing XL Specialty Insurance Company ("XL") to advance Defense Expenses under the Policy to the Insureds in connection with the SBA Demand[3]; and it appearing that due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED that

1.      The Motion is granted.

2.      The Stipulation is approved.

---

[3]      Capitalized terms used but not defined herein shall have the meaning set forth in the Motion and the Policy.

1

3.      To the extent applicable, the automatic stay imposed under section 362(a) of the Bankruptcy Code is lifted and modified to allow XL to make payments to the Insureds in accordance with the terms and conditions of the Policy.

4.      Any payments made by XL to the Insureds under the Policy shall not be considered property of the Debtor's estate.

5.      Nothing in this Order shall be deemed to be an admission of any fact, liability or other matter whatsoever.


Date:    _____, 2016
         Boston, Massachusetts

                                        _____
                                        The Honorable Melvin S. Hoffman
                                        United States Bankruptcy Judge

**EXHIBIT B**

**STIPULATION**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Boston)

| | |
|---|---|
| In re: | Chapter 7 |
| AMERITRANS CAPITAL CORP., | Case No. 16-13842 (MSH) |
| Debtor. | |

## STIPULATION THAT THE RECEIVERSHIP ORDER STAY PERMITS CONSIDERATION OF MOTION FOR RELIEF FROM AUTOMATIC STAY, IF APPLICABLE, TO ALLOW PAYMENT OF CERTAIN DEFENSE EXPENSES

On this 29th day of November, 2016, the United Small Business Administration ("SBA"), in its capacity as appointed receiver of Elk Associates Funding Corp. (the "Receiver"), Peter Boockvar, John Laird, and Ivan Wolpert (collectively, the "Movants") hereby stipulate and agree as follows:

### RECITALS

WHEREAS, the Ameritrans Capital Corp. ("Ameritrans") is currently a debtor under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, in January of 2016, former directors and officers of Elk Associates Funding Corp. ("Elk") and Ameritrans, including the Movants (collectively, the "Insureds") received demand letters (the "Demand") from the SBA asserting various allegations against the Insureds and demanding payment; and

WHEREAS, XL issued Management Liability and Company Reimbursement Insurance Policy no. ELU123910-11 to Ameritrans (the "Policy"); and

1

WHEREAS, subject to the Policy's terms and conditions and XL's reservation of all rights under the Policy and at law, the costs incurred by the Insureds in defending against the Demand are covered Loss under the Policy; and

WHEREAS, on October 21, 2016, the Receiver filed a Notice of Receivership in this Court judicially staying this proceeding by virtue of its Receivership Order, issued on April 24, 2013 by the United States for the Eastern District of New York, Civil Action 12-1236-LAW (the "Receivership Order").

WHEREAS, the Receivership Order states at paragraph 8 that:

"All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) ELK, (ii) any assets of ELK, (iii) the Receiver for ELK or (iv) ELK's present or past officers, directors, managers, or principals to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with ELK, are stayed in their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court."

WHEREAS, counsel for the Receiver has advised the Insureds that the Receivership Order's judicial stay, in its current form, does not preclude this Court from considering the Insureds' motion for an order granting relief from the automatic stay, as provided for in Section 362(a)(3) of the Bankruptcy Code, and authorizing XL to advance Defense Expenses (as defined in the Policy) subject to a reservation of rights under the Policy to the Insureds;

NOW THEREFORE, in consideration of the foregoing, the Receiver and Movants, hereby agree and stipulate as follows:

1.    The judicial stay imposed by the Receivership Order does not preclude this Court from considering the Movants' motion for an order granting relief from the automatic

stay to allow XL to make payments to the Insureds in accordance with the terms and conditions of the Policy.

2. Nothing in this stipulation shall be deemed to be an admission of any fact, liability or other matter whatsoever.

3. This stipulation may be executed in multiple counterparts, including by facsimile or email (pdf format), each of which will be deemed an original document, but all of which will constitute a single document.

4. Each person executing this stipulation in a representative capacity represents and warrants that he or she is empowered to do so.

3

IN WITNESS WHEREOF, the Receiver and the Movants have executed this

Stipulation as of the date first above-written.

SBA AS RECEIVER FOR ELK ASSOCIATES FUNDING CORP.

By:

Name: Arlene Embrey

Title: Trial Attorney

BBO Number: 0125539

By: 

Name: Martin L. Seidel

On behalf of Peter Boockvar, John Laird, and Ivan Wolpert

PHV2393635NY

4

**EXHIBIT C**

**POLICY**

**(filed separately given size)**

## <u>CERTIFICATE OF SERVICE</u>

I, Martin L. Seidel, hereby certify that on this 6th day of December, 2016, I caused a true and accurate copy of the foregoing Motion to be served via the Electronic Case Filing System to:

Arlene Embry
US Small Business Administration
409 3rd Street SW
7th Floor
Washington, DC 20416
*Counsel for the United States Small Business Administration*

Michael J. Goldberg and David Koha
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
*Counsel for the Debtor*

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109
*Assistant U.S. Trustee*

John O. Desmond
5 Edgell Road, Suite 30A
Framingham, MA 01701
*Trustee*

I, Martin L. Seidel, hereby certify that on this 6th day of December, 2016, I caused a true and accurate copy of the foregoing Motion to be served via FedEx to:

Alan Braunstein
Riemer & Braunstein, LLP
Three Center Plaza
Boston, MA 02108
*Counsel for the Trustee*

/s/ Martin L. Seidel
Martin L. Seidel
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
212-728-8000
mseidel@willkie.com
PHV2393635NY