UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |
|---|---|
| In re<br><br>AMERITRANS CAPITAL CORP.,<br><br>               Debtors | Chapter 7<br><br>Case No. 16-13842 (MSH) |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW ENTRY OF
ARBITRATION DECISION AMONG NON-DEBTOR PARTIES**

RGS Holdings, LLC ("RGS"), hereby moves, pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001, and Local Bankruptcy Rule 4001-1 of this Court, for an order in the form submitted herewith granting relief from the automatic stay (to the extent that it applies) permitting entry of a decision in an otherwise completed arbitration proceeding wherein the decision will solely bind parties other than the Debtor.[1] As grounds therefor, RGS states:

**INTRODUCTION**

1. As more fully explained below, the subject arbitration concerns claims against RGS, as managing member, and other related entities, by a minority member in a construction development project. The arbitration has been pending for four years, and all proceedings have concluded *except* issuance of the arbitrator's decision and award. While the Debtor is a named respondent in the Arbitration, the Debtor has not appeared or participated in the Arbitration, no claims have been asserted by or against it in the Arbitration, and the Arbitration is not binding upon the Debtor. Nonetheless, the Trustee requested that the Arbitration be stayed due to the

---

[1] The filing of this motion is not intended to be and shall not be construed as: (i) consent by the movant to the jurisdiction of this or any other court, except as to the relief sought by this motion, (ii) a waiver by the movant of the right to have final orders in core or non-core matters entered only after de novo review by a District Court judge, provided, that the movant hereby consents (to the extent that its consent is necessary) to entry by this Court of a final order on this motion; or (iii) a waiver or limitation of, or election among, any of the movant's rights, claims, defenses or remedies.

8015432v1

Debtor's bankruptcy filing, and in response the arbitrator has stayed the Arbitration as to all parties, not just the Debtor. RGS now seeks an order of this Court allowing the non-Debtor parties to complete the Arbitration while severing the Debtor, and the Trustee as its successor, and confirming that the Arbitration decision will not bind the Debtor's estate.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

3. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

4. The statutory basis for the relief requested herein is 11 U.S.C. § 362(d)(1) of the Bankruptcy Code.

## BACKGROUND

A. Procedural Background

5. On October 5, 2016 the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date").

6. On October 6, 2016 John O. Desmond was appointed as the Chapter 7 Trustee of the Debtor's estate (the "Trustee").

7. On its Schedule A filed with this Court, the Debtor reports owning a six percent equity interest in Soha Terrace, LLC ("Soha"), of which the Debtor has sold participation interests in 30 percent. *See* Docket No. 1.

B. The Condominium Project

8. Soha is a limited liability company formed under the laws of New York for the purpose of developing, marketing and selling a residential condominium property located at 2278-2286 Frederick Douglass Boulevard, New York, NY 10027 (the "Condominium Project"). *See Second Amended and Restated Limited Liability Company Operating Agreement of Soha*

*Terrace, LLC*, Article III (the "Soha Operating Agreement"), annexed hereto as <u>Exhibit A</u>. The development of the Condominium Project subsequently became the responsibility of 2280 FDB, LLC (the "Project Owner").

9. Soha owns a 99½ percent equity interest in the Project Owner, a New York limited liability company. The other one-half percent interest in the Project Owner is owned by SoHa Terrace Manager Corp.

10. RGS is the managing member of Soha and asserts that it owns an 84 percent equity interest in Soha. *See* Soha Operating Agreement, § 1.32 & Ex. A.

11. The Debtor is a member of Soha and owns a six percent equity interest in Soha. *See* Soha Operating Agreement, Ex. A.

12. The remaining ten percent is owned by Usha Soha Terrace, LLC ("Usha"). *Id.* Usha has claimed in the Arbitration, and RGS has denied, that Usha is entitled to an additional four percent, coming from RGS's 84-percent share. Usha is not affiliated with either RGS or the Debtor.

13. A chart detailing the ownership structure of the Soha Project is attached hereto as <u>Exhibit B</u>.

C. <u>The Arbitration Proceeding</u>

14. The Soha Operating Agreement requires that members involved in any dispute attempt to resolve the dispute through good-faith negotiation, and then submit any dispute to arbitration if a resolution cannot be reached. *See* Soha Operating Agreement, § 14.11.

15. On or about April 9, 2013 Usha commenced arbitration before the American Arbitration Association ("AAA"), Case No. 13-115-Y-00729-13 (the "Arbitration"), against RGS, Soha, the Project Owner and Hans Futterman ("Futterman").

16. Usha alleges in the Arbitration that Soha breached its fiduciary duties to Soha's minority members. Usha seeks, among other things, an award of money damages and a forensic audit of Soha and the Project Owner's books and records. *See Claimant's Third Amended Statement of Claim* (the "Arbitration Claim"), annexed hereto as <u>Exhibit C</u>.

17. Although Usha named the Debtor a respondent in the Arbitration in its capacity as a member of Soha, Usha expressly disclaimed assertion of any claims against the Debtor. *See* Arbitration Claim, ¶ 4.

18. No party has asserted a claim against the Debtor in the Arbitration.

19. The Debtor has not asserted a claim against any party in the Arbitration.

20. The Debtor has not appeared or participated through counsel in the Arbitration, although its principal did participate in some telephonic conference calls with the arbitrator and the Debtor did pay some of the costs of the Arbitration.

21. Between January and June 2016 the arbitrator held ten days of hearings in the Arbitration.

22. On or about July 25, 2016, Usha, RGS, Soha, the Project Owner and Futterman stipulated and agreed that the determination of the arbitrator in the Arbitration would be binding on them. *See Stipulation* annexed hereto as <u>Exhibit D</u>.

23. The Debtor was not a party to this stipulation.

24. The Debtor has not agreed to be bound by the arbitrator's decision in the Arbitration.

25. The Debtor will not be bound by the arbitrator's decision because (a) the Soha Operating Agreement provides that arbitration is non-binding (except as particular parties might

otherwise agree), and (b) a debtor may not be bound by any judicial decision entered in a proceeding stayed as to such debtor.

26. On December 16, 2016 a representative of AAA informed the Arbitration parties that the Arbitration had been declared closed by the arbitrator on December 15, 2016, that the arbitrator required no further submissions from the parties, and that the arbitrator would render a decision on or before February 13, 2017.  *See* Exhibit E annexed hereto.

27. Later on December 16, 2016, the Trustee's counsel contacted the AAA to inform AAA of the Debtor's bankruptcy proceeding and request that no decision in the Arbitration be entered.  *See* Exhibit F.

28. The AAA subsequently informed the parties to the Arbitration that the Arbitration would be stayed due to the Debtor's bankruptcy.  *Id.*

## ARGUMENT

### The Court Should Enter an Order Severing the Debtor from the Arbitration, and Allowing it To Proceed Between Non-Debtor Parties

29. Notwithstanding the Trustee's communication with AAA, it is well established that the automatic stay does not prevent legal actions, even where the debtor is a defendant, from proceeding among the non-debtor parties.[2]  *See, e.g., Austin v. Unarco Indus., Inc.,* 705 F.2d 1, 4 (1st Cir. 1983) ("the automatic stay provisions of 11 U.S.C. § 362(a) apply only to the bankrupt debtor"); *In re Christakis*, Case No. 01-4301-HJN, 2004 WL 6030773, *2 (Bankr. D. Mass. March 23, 2004) ("The automatic stay does not protect a non-debtor in a chapter 7 case.").  Thus,

---

[2] If RGS were seeking relief from the stay to allow the Arbitration to proceed against the Debtor as well – which it is not – sufficient cause exists to grant such relief.  *See In re Haines*, 309 B.R. 668, 674 (Bankr. D. Mass. 2004) (noting that in determining whether cause exists to permit continuation of a pending proceeding, courts consider whether: (i) the debtor or bankruptcy estate will suffer any great prejudice from continuation of the proceeding; (ii) the hardship to the non-debtor party outweighs the hardship to the debtor; and (iii) the creditor has a probability of prevailing on the merits of its case).  Here, the harm to RGS of forgoing a decision on a four-year-old arbitration in which it has expended substantial time and resources far outweighs any harm to the estate from an arbitration in which the Debtor has not asserted claims, or had claims made against it, and which is not binding upon it pursuant to the terms of the Soha Operating Agreement.

courts permit claims to continue against non-debtor parties even where claims against a debtor in the same proceeding are stayed. *See Austin.* 705 F.2d at 5.

30. Although the Trustee's position that the automatic stay bars entry of an arbitrator's award applicable to and binding upon the non-debtor parties is transparently meritless, – and so far as RGS can tell, a mere stratagem interposed for no proper purpose – RGS has concluded that the most expeditious route to completion of the Arbitration among the non-Debtor parties is by means of this motion to lift the automatic stay.

31. The usual practice, in this Circuit and elsewhere, is to permit litigation wherein the debtor is a party to continue among the non-debtor parties without formally severing the debtor. *See, e.g., Seiko Epson Corp. v. Nu-Kote Intern., Inc.,* 190 F.3d 1360, 1364 (Fed. Cir. 1999) (allowing litigation to proceed to non-debtor parties); *Austin v. Unarco Indus., Inc.,* 705 F.2d 1, 5 (1st Cir. 1983) (same).[3] However, RGS proposes that in order to leave no doubt that the Arbitration will have no effect on the Debtor's estate, this Court's order providing relief from the automatic stay (a) sever the Debtor from the Arbitration, (b) permit the Arbitration (with the Debtor, and the Trustee as its successor, no longer being a party) to proceed, including issuance of the arbitrator's decision, while specifying that such decision shall not bind the Trustee, and (c) direct the Trustee to take no further steps in the Arbitration, including any attempt to prevent issuance of the arbitrator's decision.

WHEREFORE, RGS requests that this Court (i) enter an order in the form of the proposed order submitted herewith granting relief from the automatic stay pursuant to 11 U.S.C.

---

[3] Even though Usha, perhaps out of an abundance of caution, named the Debtor as a party to the Arbitration even though Usha asserted no claims against the Debtor, the Debtor (now the Trustee) is in no sense a necessary party to the Arbitration. The Operating Agreement makes it clear that resolution of a dispute by arbitration is to be conducted by "the members involved in such dispute." Soha Operating Agreement (filed herewith as Exhibit A) § 14.11(b).

§ 362(d) to allow the Arbitration to proceed, including issuance of the arbitrator's decision, between non-Debtor parties, and (ii) grant such further relief is necessary and proper.

RGS Holdings, LLC.

By its attorneys,

/s/ Jonathan M. Horne
Daniel C. Cohn, Esq. BBO#090780
Jonathan M. Horne, Esq. BBO #673098
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
dcohn@murthalaw.com
jhorne@murthalaw.com

Dated: April 21, 2017

## CERTIFICATE OF SERVICE

I, Jonathan M. Horne, hereby certify that on April 21, 2017 a copy of this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jonathan M. Horne