# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br>AMERITRANS CAPITAL CORPORATION,<br>Debtor. | Chapter 7<br>Case No. 16-13842-MSH |
| JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF AMERITRANS CAPITAL CORPORATION<br>Plaintiff<br>v.<br>XL SPECIALTY INSURANCE COMPANY,<br>Defendant. | Adversary Proceeding No. 19-01012 |
| XL SPECIALTY INSURANCE COMPANY,<br>Plaintiff<br>v.<br>JOHN O. DESMOND, as Chapter 7 Trustee of AMERITRANS CAPITAL CORPORATION; AMERITRANS CAPITAL CORPORATION; U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for ELK ASSOCIATES FUNDING CORPORATION; ROBERT C. AMMERMAN; PETER BOOCKVAR; STEVEN ETRA; MICHAEL FEINSOD; RICHARD FEINSTEIN; GARY GRANOFF; MURRAY INDICK; JOHN LAIRD; SILVIA MULLENS; ELLIOT SINGER; HOWARD SOMMER; and IVAN J. WOLPERT,<br>Defendants. | Adversary Proceeding No. 19-01069 |

# **SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is entered into this 19 day of September, 2019 by and among John O. Desmond ("Trustee"), Trustee of Debtor Ameritrans Capital Corporation ("Ameritrans" or "Debtor") in the above-captioned case no. 16-13842-MSH ("Bankruptcy Proceeding"); XL Specialty Insurance Company ("XL"); and Peter Boockvar, Steven Etra, Michael Feinsod, Richard Feinstein, Gary Granoff, Murray Indick, John Laird, Silvia Mullens, Elliot Singer, Howard Sommer, and Ivan J. Wolpert ("Individual Insureds," together with XL and the Trustee, the "Parties").

WHEREAS, on October 5, 2016, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code");

WHEREAS, XL has been making payments to the Individual Insureds pursuant to the terms of a directors and officers liability policy XL issued to Ameritrans (the "Policy"), in connection with their defense of a lawsuit entitled *United States of America, on behalf of the U.S. Small Business Administration v. Elk Associates Funding Corp.*,[1] No. 13-1326, in the U.S. District Court for the Eastern District of New York ("SBA Action");

WHEREAS, on February 6, 2019, the Trustee filed an adversary complaint against XL in Adversary Proceeding No. 19-01012 seeking, among other things, recovery under the Policy of certain investigative fees incurred in connection with claims against certain of the Individual Insureds pending in Delaware state court (the "Delaware Action") pursuant to 11 U.S.C. §§ 101-1330 of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Investigative Fee Proceeding");

---

[1] Elk Associates Funding Corp. ("Elk") is a subsidiary of Ameritrans and an Insured under the Policy. The Individual Insureds were directors and/or officers of Ameritrans and Elk.

2

39869079v1

WHEREAS, on June 10, 2019, XL filed a Complaint in the Nature of Interpleader in Adversary Proceeding No. 19-01069, seeking to interplead the remaining limits of the Policy given competing claims for payments under the Policy (the "Interpleader Proceeding");

WHEREAS, there is pending in Delaware State Court an action entitled *Ammerman v. Feinsod, et al.*, Case No. 8719 (Del. Chan. Ct.) assumed by the Trustee (the "Delaware Action");

WHEREAS, there is pending in Delaware two actions entitled *Ameritrans Capital Corporation v. XL Specialty Insurance Company*, C.A. No.: N14C-10-019 EMD (the "Superior Court Action"); and *XL Specialty Insurance Company v. Ameritrans Capital Corporation*, Supreme Court of Delaware No. 400, 2016 (the "Appeal" of the Superior Court Action);

WHEREAS, on July 10, 2019, the Parties held a Rule 26(f) Conference to discuss matters set forth in the Pretrial Order relating to the Investigative Fee Proceeding; and

WHEREAS, the Parties have continued their settlement discussions in an effort to reach a settlement that is acceptable to both sides and that addresses all of the issues set forth in the Investigative Fee Proceeding and the Interpleader Proceeding (collectively, the "Adversary Proceedings").

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to the approval of this Court, as follows:

A. The Trustee has agreed to accept $225,000 from XL to fully resolve the Investigative Fee Proceeding ("Investigative Fee Settlement"). XL and the Individual Insureds agree that the Trustee and his counsel can be paid $225,000.00 upon any application for compensation which may be filed with the court and waive any objection to such fee application of the Trustee and his counsel for the proceeds of the Investigative Fee Settlement.

39869079v1

B. Upon receipt of the Investigative Fee Settlement, the Trustee and XL will take all necessary steps to dismiss the Investigative Fee Proceeding with prejudice; XL will dismiss its Appeal in Delaware; and both the Trustee and XL will dismiss the Superior Court Action (as defined above).

C. Upon dismissal of the Investigative Fee Proceeding, XL shall dismiss the Interpleader Proceeding in this Court without prejudice; provided, however that such action may be initiated at a future date in the U.S. District Court for the Eastern District of New York no earlier than October 2, 2019.

D. XL and the Individual Insureds will continue to communicate in advance of a September 18, 2019 settlement conference in the SBA Action regarding said conference, remaining Policy limits, and any unpaid, outstanding legal fees due to counsel representing the Individual Insureds in the SBA Action.

E. Upon entry of a final order approving this Agreement and receipt of the Investigative Fee Settlement, the Trustee – on his own behalf and on behalf of the Debtor – hereby releases and remises XL and each of the Individual Insureds and their agents, predecessors, successors, and assigns from and against any and all causes of action, claims, counterclaims, cross-claims, defenses, suits, debts, demands, accounts, offsets, obligations, liabilities, judgments, losses, contracts, agreements, torts, damages, fees, costs, attorneys' fees, and expenses, of any kind or nature whatsoever, in law and in equity, whether individual or derivative, past and present, whether or not now known, suspected, or claimed, accrued or unaccrued, concealed or hidden, from the beginning of the world to the date hereof specifically relating to and limited to the Investigative Fee Proceeding and the Superior Court Action.

39869079v1

F. Upon entry of a final order approving the Settlement, XL and the Individual Insureds hereby release and remise the Trustee and Debtor and their agents, predecessors, successors, and assigns from and against any and all causes of action, claims, counterclaims, cross-claims, defenses, suits, debts, demands, accounts, offsets, obligations, liabilities, judgments, losses, contracts, agreements, torts, damages, fees, costs, attorneys' fees, and expenses, of any kind or nature whatsoever, in law and in equity, whether individual or derivative, past and present, whether or not now known, suspected, or claimed, accrued or unaccrued, concealed or hidden, from the beginning of the world to the date hereof specifically relating to and limited to the Investigative Fee Proceeding and the Superior Court Action.

G. Specifically excluded from the releases is the Trustee's pending Superior Court suit entitled <u>Ammerman v. Feinsod</u>, Case No. 8719 referred to above as the Delaware Action.

H. The Parties shall immediately seek an order of approval (the "Order of Approval") of this Settlement by the Bankruptcy Court.

I. Subject to an Order of Approval, this Settlement shall be binding upon and inure to the benefit of the Parties, their predecessors, successors and assigns.

J. It is agreed that time is of the essence of this Settlement.

K. This Settlement may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument and all such counterparts together shall constitute one and the same instrument, and shall be governed by and construed in accordance with the substantive law of Massachusetts.

L. This Settlement may be executed by facsimile or other electronic transmission.

39869079v1

M. Each of the undersigned warrants that he or she is duly authorized to execute this Agreement on behalf of their respective party or parties.

| | |
|---|---|
| **XL SPECIALTY INSURANCE COMPANY** | **JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF AMERITRANS CAPITAL CORPORATION,** |
| By its attorneys, | By his attorneys, |
| /s/ Jesse I. Redlener | /s/ Alan L. Braunstein |
| Jesse I. Redlener (BBO No. 646851) | Alan L. Braunstein (BBO #546042) |
| ASCENDANT LAW GROUP LLC | Riemer & Braunstein LLP |
| 204 Andover Street, Suite 401 | 100 Cambridge Street, 22nd Floor |
| Andover, MA 01810 | Boston, Massachusetts 02114 |
| (978) 409-2038 | (617) 523-9000 |
| jredlener@ascendantlawgroup.com | abraunstein@riemerlaw.com |
| -and- | |
| Stacey L. McGraw, Esq. | **INDIVIDUAL INSUREDS** |
| Brandon D. Almond, Esq. | **STEVEN ETRA** |
| TROUTMAN SANDERS LLP | |
| 401 9th Street, N.W., Suite 1000 | By his counsel, |
| Washington, D.C. 20004-2134 | |
| (202) 274-2864 | /s/ Mark Kornfeld |
| stacey.mcgraw@troutman.com | Mark Kornfeld, Esq. |
| brandon.almond@troutman.com | Quarels & Brady LLP |
| | 101 East Kennedy Blvd., Suite 3400 |
| | Tampa, FL 33602-5195 |
| | (813) 387-0278 |
| | Mark.Kornfeld@quarels.com |

2543221.1

6

39869079v1