# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br>AMERITRANS CAPITAL CORPORATION,<br>Debtor. | Chapter 7<br>Case No. 16-13842-MSH |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this 31st day of October, 2019, by and among John O. Desmond Trustee ("Trustee"), of the Debtor Ameritrans Capital Corporation ("Ameritrans" or "Debtor") in the above-captioned case ("Bankruptcy Proceeding") and Steven Etra ("Etra"), together the "Parties."

WHEREAS, on October 5, 2016, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code");

WHEREAS, pursuant to the terms of certain directors and officers liability policy XL issued to Ameritrans by XL Specialty Insurance Company ("XL") (the "Policy"). XL has been making payments to the Individual Insureds (defined below), including Etra, in connection with the Individual Insureds' defense of a lawsuit entitled *United States of America, on behalf of the U.S. Small Business Administration v. Elk Associates Funding Corp.*, No. 13-1326, in the U.S. District Court for the Eastern District of New York ("SBA Action");

WHEREAS, Elk Associates Funding Corp. ("Elk") is a subsidiary of Ameritrans and co-insured under the Policy. Most, if not all, of the Individual Insureds of ELK, including Etra, were also directors and/or officers of Ameritrans (the "Individual Insureds").

WHEREAS, the SBA has filed a claim in this case as the Estate's largest creditor; and

WHEREAS, on September 23, 2019, a mediation session with the federal court magistrate (the "Mediation") was ordered held in the SBA Action for the Individual Insureds and the SBA wherein only the SBA and Etra reached a settlement at which time the Trustee was present as an observer, regarding the Estate's interest in the XL Policy.

WHEREAS, there is also pending in Delaware State Court an action entitled _Ammerman v. Feinsod, et al._, Case No. 8719 (Del. Chan. Ct.) assumed by the Trustee (the "Delaware Action") in which Etra is a defendant among the other Individual Insureds which has been stayed pending prospects for an omnibus disposition of the SBA Action including at the Mediation and for preservation of Estate resources. The Delaware Action against most of the same Individual Insureds, but in their role as officers and directors of Ameritrans is also a claim covered by the Policy; and

WHEREAS, Etra filed a proof of claim in this case for indemnification (the "Etra Claim").

NOW THEREFORE, the Parties hereby stipulate and agree, subject to the approval of this Court, as follows:

1. Etra agrees to pay the Trustee the sum of $150,000.00 in full settlement of the Trustee claims, including those claims asserted or which could be asserted in the Delaware Action and agrees to reasonably cooperate with the Trustee in the Delaware Action and provide assistance to its counsel.[1]

2. The Trustee has also consented to Etra's independent but confidential settlement with the SBA which has been disclosed to the Trustee as being necessary for Etra's partial

---

[1] The Trustee intends to retain special litigation counsel on a contingency fee to prosecute the Delaware Action.

2

funding of the settlement from the Policy and which will reduce whatever allowed claim the SBA may have in this case by whatever meaningful amounts are paid to the SBA by Etra.

3. Both the Trustee and Etra agree to exchange mutual releases and for Etra to waive his proof of claim in this case. A copy of the proposed mutual releases are annexed hereto collectively as Exhibit A. Etra further represents and the Trustee enters this settlement in reliance upon that none of the released parties other than Etra had any involvement in or transactions with Ameritrans or any of the Individual Insureds other than Etra.

4. Upon entry of an order approving this Agreement and receipt of the Settlement Payment on or before within one business day of an owner approves the Settlement, the Trustee agrees on his own behalf and on behalf of the Debtor, to dismiss Etra from the Delaware Action upon termination of the stay and hereby releases hereby fully releases and forever discharges Etra and each of his agents, predecessors, successors, and assigns, respective affiliated companies, family member, pension funds, trusts, and heirs, including but not limited to SRK Associates, LLC, Lances Property Development Corp. Pension Plan, Irving Etra, Irving Etra Family Trust, Marvin L. Sabesan, PES Property Corp. 401K, Alana Sabesan, Cleaning Ideas Corporation, Peter Kaplan, Bernice Kaplan, Bunkap Industries Corp., and Barbara Paer ("Etra Releasees"), from and against any and all causes of action, claims, counterclaims, cross-claims, defenses, suits, debts, demands, accounts, offsets, obligations, liabilities, judgments, losses, contracts, agreements, torts, damages, fees, costs, attorneys' fees, and expenses, or any kind or not now known, suspected, or claimed, accrued or unaccrued, concealed or hidden, from the beginning of the world to the date hereof as it relates to any action the Trustee or Debtor could pursue in this or any other courts.

5. Upon entry of an order approving the Agreement, the Etra Releasees hereby fully release and forever discharge the Trustee and Debtor and their agents, predecessors, claims, defenses, suits, debts, demands, accounts, offsets, obligations, liabilities, judgments, losses, contracts, agreements, torts, damages, fees, costs, attorneys' fee and expenses, of any kind or nature whatsoever, in law and in equity, whether individual or derivative, past and present, whether or not now known, suspected, or claimed, accrued or unaccrued, concealed or hidden, from the beginning of the world to the date hereof as it relates to any action the Trustee or Debtor could pursue in this or any other court.

6. The Parties shall immediately seek an order of approval (the "Order of Approval") of this Agreement by the Bankruptcy Court.

7. Subject to an Order of Approval, this Agreement shall be binding upon and inure to the benefit of the Parties, their predecessors, successors, and assigns.

8. It is agreed that time is of the essence of this Agreement.

9. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument and all such counterparts together shall constitute one and the same instrument, and shall be governed by and construed in accordance with the substantive law of Massachusetts.

10. This Agreement may be executed by facsimile or other electronic transmission.

11. Each of the undersigned warrants that he is duly authorized to execute this Agreement on behalf of their respective party or parties.

JOHN O. DESMOND, CHAPTER 7 TRUSTEE
OF AMERITRANS CAPITAL CORPORATION,

By his attorneys,

/s/ Alan L. Braunstein
Alan L. Braunstein (BBO #546042)
Riemer & Braunstein, LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
(617) 523-9000
abraunstein@riemerlaw.com

_____ 10/31/19
John Desmond, Trustee

STEVEN ETRA

By his counsel,

/s/ Mark A. Kornfeld
Mark A. Kornfeld
Quarles & Brady LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602-5195
(813) 387-0278
mark.kornfeld@quarles.com

_____
Steven Etra

2549255.2

5